[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as
*State ex rel. Curtis v. Summit Cty. Bd. of Elections,* Slip Opinion No. 2015-Ohio-3787.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3787

THE STATE EX REL. CURTIS *v.* SUMMIT COUNTY BOARD OF ELECTIONS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Curtis v. Summit Cty. Bd. of Elections,* Slip Opinion No. 2015-Ohio-3787.]

*Elections—Mandamus—R.C. 3501.38(E)(1)—Petition circulators must indicate number of signatures on petitions they circulate—Action to compel board of elections to count valid signatures on a part-petition it found invalid— Board of elections abused its discretion in finding that signature at issue was not crossed out—Writ granted.*

(No. 2015-1426—Submitted September 15, 2015—Decided September 18, 2015.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Mark H. Curtis, seeks a writ of mandamus to compel respondent, the Summit County Board of Elections, to count the valid signatures on a part-petition it invalidated. We grant the writ.

*Background*

{¶ 2} On June 26, 2015, Curtis filed a nominating petition and statement of candidacy to become a member of the school board of the Twinsburg City School District. The filing consisted of six part-petitions. At issue in this case is the validity of "Petition 1."

{¶ 3} The board of elections declared Petition 1 invalid. The board determined that there were 21 signatures on that part-petition and invalidated it in its entirety, because the circulator wrote that it contained 20 signatures from qualified electors. The valid signatures on the remaining five part-petitions are insufficient to qualify Curtis for the ballot. After hearing arguments from Curtis at a meeting on August 28, 2015, the board declined to reconsider its decision.

{¶ 4} Line 7 of Petition 1 contains two signatures and two addresses. Curtis and his attorney told the board that the top signature on line 7 was that of Curtis's neighbor, Earl Shaffer. As Shaffer was signing, Curtis asked if he was a registered voter. Shaffer said that he did not think so and stopped filling out his address on the form. Curtis stated at the hearing that he witnessed Shaffer draw a line through his name so as to strike it from the petition. Shaffer submitted an affidavit that supported Curtis's account, attesting that he had struck through his own signature. The next petition signer then signed on the same line, below Shaffer's name. When he submitted the part-petition, Curtis attested that there were 20 signatures on it, which was, to the best of his knowledge, the correct number of qualified signatures.

{¶ 5} At the meeting in which the board denied reconsideration, two board members stated that upon examining Petition 1, they did not see any line-out of Shaffer's name at all. A third board member stated that he could not tell one way or the other whether there was a cross-out.

*Legal Analysis*

**{¶ 6}** The question in this case is whether the board abused its discretion by striking the part-petition in its entirety.

**{¶ 7}** Curtis urges us to follow *State ex rel. Schwarz v. Hamilton Cty. Bd. of Elections*, 173 Ohio St. 321, 181 N.E.2d 888 (1962). In *Schwarz*, the board of elections disqualified a part-petition because the circulator's statement indicated one less signature than the petition contained. The circulator explained the reason for the discrepancy at a hearing before the board of elections. Given the undisputed facts, this court reversed the judgment of the court of appeals denying a writ of mandamus and faulted the board for making a determination that was "too technical, unreasonable, and arbitrary." *Id* at 323.

**{¶ 8}** We find the dispute here to be virtually factually identical to the dispute in *Schwarz*, with no indication of fraud or material misrepresentation by the circulator of the petition. As in *Schwarz*, the relator in this case provided an explanation of the reason the number of signatures attested to in the circulator's statement was less than the number of signatures appearing on the part-petition, specifically identifying the non-qualifying signature. Here, relator went further, providing an affidavit from the unregistered voter whose signature is at issue, who stated that he had struck through his signature on the petition, matching the relator's testimony. This evidence made it clear that Shaffer's signature had been crossed out, which made relator's circulator statement accurate. We thus find that that "the determination made by the board against the validity of the petition was too technical, unreasonable and arbitrary—in short, an abuse of discretion—and that upon the facts which respondent had in its possession it was under the clear legal duty to approve and accept the petition." *Id.*

**{¶ 9}** This court's decision in *Rust v. Lucas Cty. Bd. of Elections*, 108 Ohio St.3d 139, 2005-Ohio-5795, 841 N.E.2d 766, is inapposite. In *Rust*, this court recognized that R.C. 3501.38(E)(1) requires circulators to indicate the

number of signatures on the part-petitions they circulate and reasoned that the purpose of this requirement is to protect against signatures being added to the petition after the circulator signs the statement. *Id.* at ¶ 9-11. This court held in *Rust* that the board of elections did not abuse its discretion by following the secretary of state's interpretation of the statute that if the number indicated by the circulator is less than the actual number of signatures, the entire part-petition must be invalidated. *Id.* at ¶ 12-13.

**{¶ 10}** In *Rust*, the circulator's statement specified a number of signatures that was less than the actual number of signatures because the circulator was aware that at least one of the signatures came from an unqualified person. *Id.* at ¶ 14. The circulator claimed that he did not want to violate the R.C. 3501.38(E)(1) requirement that "all signers were to the best of the circulator's knowledge and belief qualified to sign" by attesting to a number of qualified signers that he knew was inaccurate. *Id.* In that circumstance, this court held that the remedy lies in R.C. 3501.38(G), which permits a circulator to strike such a person's name from the part-petition. *Id.* In *Rust*, the circulator made no claim that any of the invalid signatures had been crossed out. Here, relator presented undisputed evidence that Shaffer had crossed out his own signature.

**{¶ 11}** Based on the foregoing, we grant the writ of mandamus. Given the short amount of time remaining to finalize ballots, the court will entertain no motions for reconsideration, clarification, or other relief in this case.

Writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., dissents.

_____

David T. Andrews, for relator.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for respondent.

_____